COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


WILLIE WALTER BUTLER, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 0185-01-1           JUDGE RICHARD S. BRAY
                                       DECEMBER 11, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Walter J. Ford, Judge

          Charles E. Haden for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Willie Walter Butler, Jr. (defendant) was convicted by a jury

of first degree murder and forcible sodomy, violations of Code

§§ 18.2-32 and -67.1, respectively.  On appeal, he contends the

trial court erroneously denied his motion to continue trial

because "a copy of the jury panel" had not been made available to

defense counsel "at least forty-eight hours before trial,"

pursuant to Code § 8.01-353.  We disagree and affirm the

convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

Immediately following opening statements at trial, a juror "suddenly became ill."  After a related overnight recess and further inquiry, the court determined the juror unable to continue and, upon defendant's motion, declared a mistrial.  The Commonwealth then advised the court:

> [T]here's a jury down the hall that's available and I'd like to go forward today. . . .  I have three witnesses who are here from out of state and one who is desperately needed back in California, and, um, if there's any way that we could do this today and carry on today, we're ready to do that. And I understand from the jury manager that that's possible.

In response, defense counsel protested that he "hadn't even seen the jury list," had not "consult[ed] with [his] client about any of the people on the list" or "investigate[d] any potential conflicts of interest," and "would need time to regroup and get ready for a new jury." [1]  Accordingly, counsel represented he did not "believe [defendant] would be ready to proceed" and requested a continuance "to give all involved an opportunity to get ready for another jury selection process."

Following several brief recesses to confirm the availability of an alternate jury panel, the court reconvened the proceedings and, contemplating immediate commencement of

---

[1] Defendant objected to a panel comprised of any among those jurors originally selected, expressly demanding "a brand new jury."

-

trial, announced, "we have a jury ready in this matter," and "the list . . . is now being prepared" for review by counsel. Again, defense counsel objected and moved for a continuance, citing Code § 8.01-353 for authority that "a copy of the jury panel," "show[ing] the name, age, address, occupation and employer of each person" must be made available to counsel "at least forty-eight hours before the trial." Absent compliance with the statute, counsel insisted, "we're not ready to go back to trial this soon," adding defendant "is entitled to have a defense team that's ready and prepared to go to trial."

Objecting to a continuance, the Commonwealth contended Code § 8.01-353 should not be "strictly construed against the Commonwealth" and "the remedy . . . would be for [the defense] to . . . get the list and have the time, which should not be that long . . . to look to see if there are any conflicts." The prosecutor further advised the court that "a forensic scientist from Oakland, California" was present and prepared to testify on behalf of the Commonwealth and "needs to get out today."[2]

Relying upon Code § 8.01-355 and the attendant procedure, the court denied defendant's motion but afforded defendant a further recess "to review the jury panel [list]," then prepared and available to counsel. Following the recess, the court

---

[2] Defense counsel countered, "we believe . . . forcing the defendant to go forward just based on the Commonwealth's time frame" would "be prejudicial."

-

assured defense counsel, "I understand your objections . . . and the comments on it," and inquired, "[i]s there anything else . . . you'd like to say before we proceed?"  When counsel responded, "[n]o, your honor," a jury was selected and seated from the reconstituted panel, without further objection by defendant, and trial proceeded, resulting in the instant convictions and appeal.

## II.

Code § 8.01-353 provides, in pertinent part:

> Upon request, the clerk or sheriff or other officer responsible for notifying jurors to appear in court for the trial of a case shall make available to all counsel of record in that case, a copy of the jury panel to be used for the trial of the case at least forty-eight hours before the trial.

However, Code § 8.01-355 provides, in pertinent part:

> When by reason of a challenge or otherwise a sufficient number of jurors summoned cannot be obtained for the trial of any case, the judge may select from the names of the jury list provided for by Code § 8.01-345 the names of as many persons as he deems necessary and cause them to be summoned to appear forthwith for the trial.

Recently, in Norfolk Southern Ry. Co. v. Bowles, 261 Va. 21, 539 S.E.2d 727 (2001), the Supreme Court construed Code § 8.01-353 in resolving the very issue now before this Court. There, counsel for appellant Norfolk Southern had requested and received the jury panel list forty-eight hours before the trial, pursuant to Code § 8.01-353.  However, on the day of trial,

-

several summoned jurors were unable to attend court due to inclement weather. With only forty potential jurors present for the Bowles trial and an unrelated criminal matter, the court "combined" the jurors into a common "pool" from which juries were selected first for the criminal trial and, next, for the Bowles trial. Id. at 27, 539 S.E.2d at 730. The jury ultimately chosen for the Bowles trial consisted of six persons not named on the jury panel list previously provided to Norfolk Southern.

In affirming the verdict, the Court instructed that

> the statutory scheme does not contemplate
> that a full and accurate jury panel list
> will always be available for counsel
> forty-eight hours before the trial of the
> case . . . . [Code §§ 8.01-353 and -355]
> recognize that unanticipated circumstances
> requiring alternative means of securing a
> jury panel will arise.

Id. at 28, 539 S.E.2d at 731. Thus,

> even assuming without deciding that the
> requirement of Code § 8.01-353 regarding
> provision of the jury panel list is
> mandatory . . . the mandatory nature of that
> provision cannot extend to requiring that
> the jury panel list provided to counsel
> prior to trial be identical to the actual
> jury panel when circumstances require
> reconstitution of the jury panel.

Id.

Here, as in Bowles, unanticipated circumstances arose that necessitated reconstitution of the original jury panel and, pursuant to Code § 8.01-355, an alternate panel was summoned for

-

the trial.  Also, like the appellant Norfolk Southern in <u>Bowles</u>,
defendant objected to departure from the provisions of Code
§ 8.01-353, "posit[ing] that the failure to comply with [Code
§ 8.01-353] 'constitutes, in and of itself, injustice,'" without
"cit[ing] any specific prejudice resulting from the trial
court's action."  <u>Id.</u> at 29, 539 S.E.2d at 731.  Such arguments
were rejected by the Court.  <u>See</u> <u>id.</u>

Thus, guided by <u>Bowles</u>, we find the trial court committed
no error in reconstituting the original jury panel and
proceeding with trial and, accordingly, affirm the convictions.

<u>Affirmed.</u>

-